TAIWAN SIMON ENTERPRISES CO., LTD., Plaintiff

v.

KAO YA FISHERIES CO., Defendant in Personam

TAIWAN SIMON ENTERPRISES CO., LTD., Plaintiff

v.

THE F/V KAO YA #3, Her Cargo, Freight, Equipment,
Engines, Mast, Boats, Anchors, Cables, Chains,
Rigging, Tackle, Furniture, and All Other
Necessaries Appertaining to the Vessel,
Defendant in Rem

and

KAO YA FISHERIES CO., Defendant in Personam

High Court of American Samoa
Trial Division

CA No. 56-92
CA No. 70-92

July 23, 1992

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge,
and LOGOAI, Associate Judge.

Counsel:     For Plaintiffs, Afoa L. Su'esu'e Lutu
             For Defendants, Togiola T. A. Tulafono

Order Denying Motion to Dismiss or in the Alternative to Quash
Summons, and Order of Consolidation:

13

Defendant Kao Ya Fisheries Company has appeared specially in CA No. 56-92 for the purpose of moving the Court to dismiss that action or, in the alternative, to quash the summons on the grounds that the Court lacks jurisdiction over this defendant. This motion came regularly for hearing on July 15, 1992. The Court, having considered the documents on file in CA No. 56-92 and counsel's arguments, finds that plaintiff has established a *prima facie* case of jurisdiction over defendant in this action in that:

1. Plaintiff's verified complaint alleges that defendant is doing business in American Samoa by owning four fishing vessels which have used or are using Pago Pago as their home port and has failed to pay plaintiff $438,644.77 for provisions and other operational requirements furnished by plaintiff, also doing business in American Samoa, to these vessels. From this, it is reasonably inferred that some, and perhaps all, of the underlying transactions occurred in American Samoa.

2. Plaintiff's verified complaint further alleges that defendant is associated with two other business entities in American Samoa, which are under the supervision and control of two individuals who are, respectively, defendant's "local agents and directors."

Therefore, defendant Kao Ya Fisheries Company's motion to dismiss the complaint or, in the alternative, quash the summons in CA No. 56-92 is denied. Plaintiff must, of course, still establish jurisdiction over this defendant by a preponderance of the evidence before the end of the trial of this action.

At the hearing on this motion, the parties stipulated that in the event the Court denied the motion, CA No. 56-92 and CA No. 70-92 would be consolidated for all further proceedings. Therefore, these two actions are now consolidated.

It is so ordered.